## In Re Three MINOR CHILDREN

High Court of American Samoa
Trial Division

JR Nos. 68-91, 69-91 and 70-91

January 29, 1993

Before RICHMOND, Associate Justice, and TAUANU'U, Chief Associate Judge,

Counsel: For Minor Children and Petitioners, Roger K. Hazell

Opinion and Order:

This matter came on regularly for hearing on January 15, 1993, upon the natural parents' petitions to relinquish their parental rights to their three minor children to enable the children's availability for adoption by their paternal grandmother.

The three children are, respectively, ages four, five and six years. They live with their father, age 37 years, and mother, age 30 years, who love their children and provide significantly for their children's emotional and physical care. Their grandmother, age 68 years, lives nearby. At this time, this family group's income is derived principally, if not entirely, from the grandmother's retirement pay and Social Security benefits, and another, unmarried son's earnings. Clearly, she contributes financially and in immeasurable ways to her grandchildren's upbringing.

The parents' desire to relinquish their parental rights appears to be voluntarily motivated in recognition of the grandmother's kindness towards their children and their impecunious situation. The father apparently suffers from an emotional disorder and does not maintain steady employment. The mother is unemployed.

The grandmother appears to still be in good health. However, she foresees the day in due course when her grandchildren will return to their loving parents' total care. She also knows that the family members presently living together are close-knit in the Samoan way of life. She

1

admits that the real purpose for the adoption is enhancement of Social Security benefits.

■  Relinquishment of parental rights must be predicated on the best interests of all concerned. A.S.C.A. § 45.0402(e). The circumstances here are factored on the grandmother's and parents' immediate best interests. Higher Social Security benefits are not, as such, detrimental the children's interests. However, disruption of the natural relationships existing in this situation is not in the children's more important, long-term best interests.

The petitions should be and are denied.